UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

David Wilson,

Plaintiff,

v.

ANDREA KRESSIN, in her individual and official capacity, MELANIE FALK, in her individual and official capacity, and CHERYL RENIER-WIGG, in her individual and official capacity, and CITY of GREEN BAY,

Defendants.

Case No. _________
Jury Trial Demanded

---

COMPLAINT

---

COMES NOW Plaintiff David Wilson, by and through his attorney, and for his cause of action against the City of Green Bay, Andrea Kressin, Melanie Falk, and Cheryl Renier-Wigg, states the following:

## I. NATURE OF THE CASE

1. This is an action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.; 42 U.S.C. § 1983; 2 U.S.C. § 2000e-3(a); brought by Plaintiff David Wilson, challenging Defendants, the City of Green Bay, Andrea Kressin, Melanie Falk, and Cheryl Renier-Wigg, for unlawful discrimination, retaliation, and constitutional violations.

## II. PARTIES

2. Plaintiff David Wilson ("Wilson"), an individual over age 40 at all relevant times, has resided within the Eastern District of Wisconsin at all relevant times. Wilson was an "employee" within the meaning of 29 U.S.C. § 630(f).

3. Defendant Andrea Kressin ("Defendant Kressin") has resided within the Eastern District of Wisconsin at all relevant times.

4. Defendant Melanie Falk ("Defendant Falk") has resided within the Eastern District of Wisconsin at all relevant times.

5. Defendant Cheryl Renier-Wigg ("Defendant Renier-Wigg) has resided within the Eastern District of Wisconsin at all relevant times.

6. Defendant City of Green Bay ("Defendant City") is a political subdivision of the State of Wisconsin, with its central offices within the Eastern District of Wisconsin at all relevant times. Defendant City is an "employer" within the meaning of 29 U.S.C. § 630(b).

7. At all relevant times, Defendant City employed the statutorily required employees for each working day in each of twenty or more calendar weeks within the appropriate time periods under the ADEA and Title VII of the Civil Rights Act of 1964, as amended.

## III. JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 29 U.S.C. § 626(c).

9. Venue is proper in Brown County, Wisconsin, because a substantial portion of the events at issue occurred there.

## IV. ADMINISTRATIVE PROCESS

10. On December 30, 2025, within 300 days of the acts of which he complains, Wilson dual-filed his Charge of Discrimination with the State of Wisconsin Department of Workforce Development Equal Rights Division ("ERD") (Charge No. CR202600112) and the Equal Employment Opportunity Commission ("EEOC") (Charge No. EEOC 443-2026-01103).[1]

11. On July 16, 2026, the EEOC issued its Notice of Right to Sue for Charge No. 443-2026-01103.

## V. FACTUAL BACKGROUND

12. On April 8, 2024, Wilson accepted Defendant City's offer to work as a Violence Interrupter. Wilson's position was federally grant-funded and was set to conclude on December 31, 2025.

[1]Wilson has also filed a discrimination charge with the State of Wisconsin Department of Workforce Development, ERD #CR202600112, which remains open and unexhausted. Wilson explicitly reserves the right to amend this complaint under Fed. R. Civ. P. later to add state-related claims, once they become ripe.

13. Wilson's work involved various duties. These included gathering information from local law enforcement about individuals deemed at risk of violence and conducting independent outreach using conflict mediation and problem-solving skills to address safety risks and resolve conflicts.

14. In November 2024, Defendant City promoted Defendant Kressin to Director of the Violence Prevention Office, and she assumed responsibility for supervising Wilson.

15. On May 14, 2025, during a meeting with Defendant Kressin and Wilson, she discriminatorily changed the terms and conditions of Wilson's employment. Specifically, Defendant Kressin requested that Wilson go into high-violence neighborhoods to find or "canvas" individuals with a propensity for violence, engage with them, and report back to local law enforcement, serving as a confidential informant.

16. Wilson spoke out as a citizen about a public concern, addressing Defendant Kressin's directive that he serve as a government-paid confidential informant and report back to the City of Green Bay's law enforcement. Wilson communicated his refusal to do so to Defendant Kressin.

17. When Defendant Kressin realized Defendant City was not complying with the federal grant that funded the Violence Interrupter's position and work, she created a new system that required Wilson to report data he lacked the capacity to report, which could have been fraudulent. Wilson communicated his refusal to do so to Defendant Kressin.

18. On May 28, 2025, Wilson emailed the Mayor of Green Bay to further discuss his public concerns about Defendant Kressin's requirements regarding position functioning and reporting. Wilson received no response.

19. On May 29, 2025, Defendant City placed Wilson on paid administrative leave.

20. Between June 6, 2025, and July 7, 2025, and beyond, Wilson met or communicated with Defendant City's Human Resources and expressed his belief that being placed on paid administrative leave was discriminatory and retaliatory.

21. Of three similarly situated individuals working as Violence Interrupters, only the ones over age 40 were placed on administrative leave.

22. Of three similarly situated individuals working as Violence Interrupters, only those who engaged in protected speech were placed on administrative leave.

23. On July 15, 2025, Defendant City and Defendant Falk informed Wilson that his position would be eliminated on August 8, 2025.

24. Defendant City's decision to eliminate Wilson's position was not based on Wilson's job performance.

25. On August 8, 2025, Defendant City and Defendant Renier-Wigg eliminated Wilson's position as a Violence Interpreter.

26. Defendant City retained a younger, less senior, similarly situated individual for the duration of the grant that funded the Violence Interpreter positions and beyond.

27. Defendant City eliminated Wilson's position in a discriminatory and retaliatory manner.

28. Defendant City's Personnel Policy 13.3.1 sets forth the explicit terms, conditions, and privileges of Wilson's employment related to layoffs:

> 13.3 INVOLUNTARY SEPARATION FROM EMPLOYMENT
>
> 13.3.1 LAYOFF. The department head may, after consulting with the Mayor, lay off an employee due to shortage of funds or work, the abolition of the position, or other material changes in the duties of the organization, or for related reasons which are outside of the employee's control and do not reflect unfavorably on the employee's performance. However, no permanent employee shall be laid off while there are temporary employees serving in the same classification in the same department.
>
> a. Layoff from a Non-Exempt Position. The City may layoff an employee from a non-exempt position whenever such action is necessary. In the event of multiple layoffs in the same position/job title within a department among non-exempt employees, layoff will be based on the inverse order of seniority in that position/job title within the department, as long as the least senior employee does not possess special skills, knowledge and ability for the position and based on performance. A laid off employee will have rights to recall to the same position from which the employee was laid off for up to 1-year following the layoff. Recall will be based on seniority in that position/job title within the department.

29. RJ, the younger, under-40, similarly situated Violence Interrupter, was hired after Wilson and is therefore less senior.

30. RJ, the younger, under-40, similarly situated Violence Interrupter, was allowed to retain his position after August 8, 2025, despite Violence Interrupter positions being "eliminated."

31. The acts or omissions committed by the Defendants violated the Green Bay Municipal Code, Chapter 12, Sec. 12-8.

## VI. CAUSES OF ACTION

### Count One
### Age Discrimination in Violation of the ADEA
### [Defendant: City of Green Bay]

32. Plaintiff incorporates all preceding paragraphs by this reference as if fully set forth.

33. Defendant City discriminated against Wilson on the basis of his age in violation of the ADEA by discriminating against him with respect to the terms, conditions, or privileges of employment, resulting in harm or a disadvantageous change to an employment term or condition.

34. Defendant City treated other employees who were outside the category of individuals protected from discrimination under the ADEA and/or were younger than Wilson more favorably than the treatment accorded Wilson.

35. Defendant City committed the acts of discrimination complained of herein with the knowledge that, or in reckless disregard for whether, its conduct was prohibited by the ADEA, and accordingly an award of liquidated damages is justified under 29 U.S.C. § 626(b).

36. As a proximate result of Defendant City's discrimination, Wilson has suffered and continues to suffer substantial loss of earnings, other employment benefits, all to Wilson's damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant City in an amount which will fully and fairly compensate him for his general and liquidated damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

### Count Two
### Retaliation in Violation of the ADEA (Based on Age as Protective Activity)
### [Defendant: City of Green Bay]

37. Plaintiff incorporates all preceding paragraphs by this reference as if fully set forth.

38. 29 U.S.C. § 623(d), provides:

> It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or

> applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

39. Wilson engaged in protected activity by making discrimination claims against agents of Defendant City.

40. In retaliation for Wilson's protected complaint, Defendant City engaged in various retaliatory actions against Wilson that would have dissuaded Wilson from making or supporting a charge of discrimination.

41. Defendant City committed the acts of discrimination complained of herein with the knowledge that, or in reckless disregard for whether, its conduct was prohibited by the ADEA, and accordingly an award of liquidated damages is justified under 29 U.S.C. § 626(b).

42. As a proximate result of Defendant City's discrimination, Wilson has suffered and continues to suffer substantial loss of earnings, other employment benefits, all to Wilson's damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant City in an amount which will fully and fairly compensate him for his general and liquidated damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

## Count Three
**Retaliation in Violation of Title VII of the Civil Rights Act**
**Fair Employment Practice Act (Based on Race as a Protected Activity)**
**[Defendant: City of Green Bay]**

43. Plaintiff incorporates all preceding paragraphs by this reference as if fully set forth.

44. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides...

> ...that it shall be unlawful employment practice for an employer: [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

45. Wilson engaged in protected activity by making harassment and discrimination claims against agents of Defendant City.

46. Defendant City knew that Wilson engaged in protected activity.

47. In retaliation for Wilson's protected complaint, Defendant City engaged in various retaliatory actions against Wilson that would have dissuaded Wilson from making or supporting a charge of discrimination.

48. As a proximate result of Defendant City's retaliation, Wilson has suffered and continues to suffer substantial loss of past and future earnings, other employment benefits, all to Wilson's damage in an amount to be determined at trial.

49. As a further proximate result of Defendant City's actions, Wilson has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental anguish, pain and suffering, emotional distress, anxiety, loss of enjoyment of life, loss of self-esteem, loss of self-confidence, injury to his reputation, and other incidental and consequential damages and expenses, all to Wilson's damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant City in an amount which will fully and fairly compensate him for his general and special damages, for appropriate equitable relief, for interest as allowed by law, attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

**Count Four**

**VIOLATION OF 42 U.S.C. § 1981—Retaliation (Based on Race and Protected Activity)**

**[Defendants: City of Green Bay, Kressin, Falk, and Renier-Wigg]**

50. Plaintiff incorporates all preceding paragraphs by this reference as if fully set forth

51. Wilson engaged in protected activity by making harassment and discrimination claims against agents of Defendant City.

52. In retaliation for Wilson's protected speech, Defendants City of Green Bay, Kressin, Falk, and/or Renier-Wigg engaged in various retaliatory actions against Wilson that would have dissuaded Wilson from making or supporting a charge of discrimination.

53. The unlawful employment practices were willful, wanton, and malicious, and demonstrated reckless indifference to, or conscious disregard for, Wilson's rights under 42 U.S.C. § 1981.

54. As a proximate result of Defendant City's but-for retaliation, Wilson has suffered and continues to suffer substantial loss of past and future earnings, other employment benefits, all to Wilson's damage in an amount to be determined at trial.

55. As a further proximate result of Defendant City's but-for actions, Wilson has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental anguish, pain and suffering, emotional distress, anxiety, loss of enjoyment of life, loss of self-esteem, loss of self-confidence, injury to his reputation, and other incidental and consequential damages and expenses, all to Wilson's damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Kressin, Falk, and Renier-Wigg in an amount which will fully and fairly compensate him for his general, special, and punitive damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

## Count Five
## VIOLATION OF 42 U.S.C. § 1983—Retaliation (First Amendment)
## [Defendants: City of Green Bay, Kressin, Falk, and Renier-Wigg]

56. Plaintiff incorporates all preceding paragraphs by this reference as if fully set forth.

57. 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. .

58. In numerous conversations with Defendants City of Green Bay, Kressin, Falk, and Renier-Wigg, Wilson engaged in protected speech when he complained about discrimination, harassment, or retaliation, or spoke about issues related to government waste/grant compliance, or when he spoke about issues related to Kressin's directive for him to work as a City confidential informant.

59. Wilson's speech was protected activity under the First Amendment.

60. Wilson's speech addressed a matter of public concern, and not that of an employee on matters only of personal interest.

61. In retaliation for Wilson's protected complaint, Defendants City, Kressin, Falk, and Renier-Wigg engaged in deprivation under color of law that was likely to deter the exercise of free speech by Wilson, a person of ordinary firmness.

62. Defendants' City, Kressin, Falk, and Renier-Wigg's conduct was willful, wanton, and malicious, and demonstrated a reckless indifference to or conscious disregard for the rights of Wilson under 42 U.S.C. § 1983.

63. As a proximate result of Defendants' City, Kressin, Falk, and Renier-Wigg retaliation, Wilson has suffered and continues to suffer substantial loss of past and future earnings, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

64. As a further proximate result of Defendants' City, Kressin, Falk, and Renier-Wigg actions, Wilson has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental anguish, pain and suffering, emotional distress, anxiety, loss of enjoyment of life, loss of self-esteem, loss of self-confidence, injury to his reputation, and other incidental and consequential damages and expenses, all to Wilson's damage in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants City, Kressin, Falk, and Renier-Wigg in an amount which will fully and fairly compensate him for his general, special, and punitive damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, and for such other relief as may be just in the circumstances.

**Count Six**

**42 U.S.C. § 1983—Violation of the Equal Protection Clause of the United States Constitution Based on Age Discrimination**

**[Defendants: City of Green Bay, Kressin, Falk, and Renier-Wigg][2]**

65. Plaintiff incorporates all preceding paragraphs by this reference as if fully set forth.

66. 42 U.S.C. § 1983 states, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

[2] Nothing in the text of the ADEA expressly precludes a § 1983 claim or addresses constitutional rights, under the Fourteenth Amendment. *See* Levin v. Madigan, 692 F.3d 607, 617 (7th Cir. 2012).

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

67. At all relevant times, Defendants Kressin, Falk, and Renier-Wigg acted under color of law as agents of Defendant City.

68. Defendant City discriminated against Wilson on the basis of his age by discriminating against him with respect to the terms, conditions, or privileges of employment, resulting in harm or a disadvantageous change to an employment term or condition.

69. Defendant City treated other employees younger than Wilson more favorably than Wilson, and that differential treatment was because of Wilson's age.

70. The difference in treatment was not rationally related to a legitimate state interest.

71. As a proximate result of Defendant City's discrimination, Wilson has suffered and continues to suffer substantial loss of earnings, other employment benefits, all to Wilson's damage in an amount to be determined at trial.

72. As a further proximate result of Defendants City of Green Bay, Kressin, Falk, and Renier-Wigg's actions, Wilson has suffered and continues to suffer severe and lasting embarrassment, humiliation, mental anguish, pain and suffering, emotional distress, anxiety, loss of enjoyment of life, loss of self-esteem, loss of self-confidence, injury to his reputation, and other incidental and consequential damages and expenses, all to Wilson's damages in an amount to be determined at trial.

WHEREFORE, Wilson prays for judgment against Defendants City of Green Bay, Kressin, Falk, and Renier-Wigg in an amount which will fully and fairly compensate him for his general and special damages, for appropriate equitable relief, for interest as allowed by law, for attorneys' fees, for the costs and expenses of this action, expert fees, punitive damages as to requisite Defendants and for such other relief as may be just in the circumstances.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court grant the following relief:

A. Order Defendants to make Plaintiff whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

B. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including liquidated damages, in amounts to be determined at trial;

C. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial;

D. Order Defendants to pay Plaintiff punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial;

E. Order Defendants to pay Plaintiff's attorneys' fees, including legal expenses, and costs;

F. Grant to Plaintiff such other and further relief as may be just and proper.

Dated October 13, 2026

DAVID WILSON, Plaintiff

BY:

<u>/s/Potso Byndon</u>

Potso Mahlangeni-Byndon
**BYNDON LAW**
2016 Fowler Ave
Omaha, NE 68110
(P) 402-570-1287
potso@byndonlaw.com
ATTORNEY FOR PLAINTIFF